UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CAMAJ,

    Plaintiff,

v.

MAKOWER ABBATE GUERRA
WEGGNER VOLLMER PLLC,

    Defendant.

Case No. 19-cv-10179
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT

On January 17, 2019, Plaintiff Michael Camaj filed this action against Defendant Makower Abbate Guerra Weggner Vollmer, PLLC ("Makower Abbate"). (*See* Compl., ECF #1; First Am. Compl., ECF #7.) Camaj alleges, among other things, that Makower Abbate violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") when Makower Abbate sought to collect a debt owed by Camaj. (*See* First Am. Compl. at ¶¶ 5-14, ECF #7 at Pg. ID 36.)

On March 28, 2019, Makower Abbate moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (*See* Mot., ECF #13.) In the motion, Makower Abbate argues that Camaj does not allege that he "suffer[ed] an actual injury under the FDCPA" and therefore "this Court [] lacks subject[-]matter jurisdiction over [this] case." (*Id.* at Pg. ID 1-2.) Makower

Abbate further argues that the First Amended Complaint does not plead sufficiently detailed or specific factual allegations and is, therefore, defective for failing to state a plausible claim under the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). (*See id.* at Pg. ID 62-68.)

Without expressing any view regarding the merits of the motion to dismiss, the Court will grant Camaj the opportunity to file a Second Amended Complaint in order to remedy the purported (1) subject-matter jurisdiction defect and (2) other pleading defects in the First Amended Complaint. The Court does not anticipate allowing Camaj a second opportunity to amend to add factual allegations that he could include in his Second Amended Complaint. Simply put, this is Camaj's opportunity to allege any and all additional facts, known to him, that may cure the alleged (1) subject-matter jurisdiction defect and (2) other pleading deficiencies in the First Amended Complaint.

By **April 11, 2019**, Camaj shall notify the Court and Makower Abbate in writing whether he will amend his First Amended Complaint or respond to the motion to dismiss. If he provides notice that he will be filing a Second Amended Complaint, he shall file that amended pleading by no later than **April 25, 2019**, and Makower Abbate shall answer or otherwise respond to it by no later than **May 23, 2019**. Upon the filing of a Second Amended Complaint, the Court will terminate

without prejudice Makower Abbate's currently-pending motion to dismiss as moot. If Camaj provides notice that he will not be filing a Second Amended Complaint, he shall file her response to Makower Abbate's motion to dismiss by no later than **April 18, 2019**. Makower Abbate may thereafter file a reply brief by no later than **April 25, 2019**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764